IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

YURI JHOANA GUTIERREZ AROCA;
ARLEY CABRERA VALENZUELA,

           Petitioners,

v.                        CIVIL ACTION NO.   2:26-cv-00057

CHRISTOPHER MASON, et al.,

           Respondents.

**ORDER TO SHOW CAUSE**

On January 18, 2026, Petitioners Yuri Jhoana Gutierrez Aroca and Arley Cabrera Valenzuela were arrested and detained by Immigration Customs and Enforcement officers. [ECF No. 1, ¶ 8]. On January 27, 2026, Petitioners filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. *Id.* ¶ 1. Since their arrest, Petitioners have remained detained and are currently confined at South Central Regional Jail in Charleston, West Virginia. *Id.* ¶ 8. Petitioners seek "immediate release from immigration detention, or in the alternative, an order directing Respondents to provide them with a constitutionally adequate custody hearing before a neutral decisionmaker with authority to assess the necessity of detention and to order release on appropriate conditions." *Id.* ¶ 2.

According to the Petition, Petitioners are married and are citizens and nationals of Columbia who are present in the United States as noncitizens. *Id.* ¶¶ 8, 14. Petitioners "have both filed applications for asylum and withholding of removal in the immigration court in Cleveland, Ohio, and both received authorization to work in the United States." *Id.* ¶ 15.

Petitioners allege that their confinement is "civil and administrative in nature" and is "not based on any criminal conviction or charge." *Id.* ¶ 17. As of now, Petitioners assert that no immigration officer, administrative judge or neutral decisionmaker has determined that their continued detention is justified. *Id.* ¶¶ 3, 19–20. Petitioners contend that their ongoing confinement violates the Due Process Clause of the Fifth Amendment, the Immigration and Nationality Act, the Administrative Procedures Act, the Equal Protection Clause of the Fifth Amendment, and the Suspension Clause. *Id.* ¶¶ 36–67.

Petitioners further move this court to expeditiously resolve their habeas petition and enjoin Respondents from removing Petitioners outside this court's jurisdiction pending disposition of the petition. [ECF No. 2]. By statute the court must quickly resolve this matter:

> A court, justice or judge entertaining an application for a writ of habeas corpus *shall forthwith* award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

28 U.S.C. § 2243 (emphasis added). *See also* 28 U.S.C. § 1651 (All Writs Act); *Gonzalez-Pablo v. Mason*, 788 F. Supp. 3d 759 (S.D. W. Va. 2025) (Goodwin, J.).

Therefore, Petitioners' Motion, **[ECF No. 2],** is **GRANTED**. Accordingly, it is **ORDERED**:

(1) Respondents **shall not remove or facilitate the removal** of Petitioners from the Southern District of West Virginia pending further order of the court;

(2) Respondents shall file a written response to this Order on why the Petition for Writ of Habeas Corpus should not be granted by **Monday, February 2, 2026, at 12:00 p.m.**;

(3) Petitioners shall file a reply by **Wednesday, February 4, 2026, at 12:00 p.m.**;

(4) A hearing on the matter shall be scheduled for **Thursday, February 5, 2026, at 10:00 a.m. in Charleston, West Virginia**, in front of this court; and

(5) Counsel for Petitioners shall ensure that Respondents are **IMMEDIATELY** served with the Petition, [ECF No. 1]; Petitioners' Motion, [ECF No. 2]; and this Order.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel, any unrepresented party, and the United States Attorney's Office for the Southern District of West Virginia.

ENTER: January 27, 2026

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

3