IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

YURI JHOANA GUTIERREZ AROCAM,
ARLEY CABRERA VALENZUELA,

                Petitioners,

v.                              CIVIL ACTION NO. 2:26-cv-00057

CHRISTOPHER MASON, et al.,

                Respondents.

## ORDER

On February 5, 2026, the court held a show cause hearing on Petitioners' Petition for Writ of Habeas Corpus. Petitioners are noncitizens residing in the United States who were stopped, arrested, and eventually detained by Immigration and Customs Enforcement on January 18, 2026, despite prior determinations by immigration authorities authorizing their release. By the date of the hearing, Petitioners had been confined in South Central Regional Jail for eighteen days.

Petitioners have not received due process. The Government[1] asserts that a "custody determination" was performed by an ICE officer, but the reports only show an officer determined that the Petitioners were not United States citizens. After that the Government automatically detained the Petitioners in a local jail where they remain. The Government's actions were based on its interpretation of jurisdiction and immigration law (8 U.S.C. § 1225 and 8 U.S.C. § 1226) rejected by courts across the country and at least one other judge in this district.

---

[1] Michael T. Rose, Todd M. Lyons, Kristi Noem, and Pamela Jo Bondi.

As in prior cases before this court, the Government offered no information regarding the circumstances of the Petitioners' stop, arrest, or detention. It provided no information about any hearing or individualized determination concerning the Petitioners, nor did it attempt to justify their continued confinement.

Without release it is unclear when or whether the Petitioners will have a hearing. One Petitioner received a Notice to Appear in front of an immigration court in March 2026. The other received a Notice to Appear, but no one present at the hearing could provide the court with a scheduled date. Even the most favorable view of the Government's argument permits the Government to detain Petitioners for weeks before they have a chance to be heard by a neutral decisionmaker. This "detention-first and hearing-sometime-later" practice contravenes the Petitioners' statutory rights and constitutional right to due process.

For these reasons, the reasons stated on the record, the agreements of counsel, and the reasons to be set forth in a forthcoming Memorandum Opinion and Order, the Petition for Writ of Habeas Corpus, **[ECF No. 1],** is **GRANTED**. Petitioners are **ORDERED** released immediately from civil immigration custody. Respondents are **PROHIBITED** from re-arresting and detaining Petitioners absent significant change in circumstances to justify detention or subject to the determination of an Immigration Judge. Respondents are **DIRECTED** to return all seized personal items of the Petitioners.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel, any unrepresented party, and the United States Attorney's Office for the Southern District of West Virginia.

ENTER:   February 5, 2026

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

2